UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE HALLBACK,

    Plaintiff,

v.                                                      Case No. 8:20-cv-1059-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's decision terminating her Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1975, has a twelfth-grade education, and has no past relevant work experience. (R. 52, 67, 127). In a prior decision issued in May 2009, the Social Security Administration (SSA) determined that the Plaintiff was disabled as of February 2009 due to a major depressive disorder. (R. 127, 136).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

The SSA later found as part of the continuing disability review process, however, that the Plaintiff's condition had improved such that she was no longer disabled as of November 1, 2014. (R. 128–29). That determination was upheld on reconsideration. (R. 134, 191–96).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in January 2017. (R. 92–126). The Plaintiff was not represented by counsel at that proceeding and testified on her own behalf. (R. 97–117). The Plaintiff's late husband and a vocational expert (VE) also testified. (R. 117–26). In a decision rendered in July 2017, the ALJ agreed that the Plaintiff's disability ended in November 2014 and determined that she did not become disabled after that date. (R. 134–45).

The Plaintiff sought review of the ALJ's decision by the Appeals Council. (R. 231–35). After allowing the introduction of additional records, the Appeals Council vacated the ALJ's decision and remanded the case with instructions for an ALJ to, among other things, address the Plaintiff's symptoms pursuant to a particular Social Security Ruling (SSR) and to obtain further evidence concerning the Plaintiff's impairments in order to complete the administrative record. (R. 152–53, 236–37).

On remand, a different ALJ conducted a second hearing in January 2019. (R. 63–91). The Plaintiff was represented by counsel at that proceeding and again testified on her own behalf. (R. 65, 67–80). A VE again testified as well. (R. 81–87).

In a decision issued in July 2019, the ALJ determined, *inter alia*, that (1) the most recent favorable medical decision finding the Plaintiff to be disabled—known as

the Comparative Point Decision (CPD)—was rendered in May 2009 and was based upon an assessment that the Plaintiff had the medically determinable impairment of major depressive disorder, which met Listing 12.04C;[2] (2) after the CPD, the Plaintiff developed the additional impairments of obesity, pre-diabetes, hyperlipidemia, polyarthralgia, bereavement, migraine headaches, schizoaffective disorder, bipolar disorder with psychotic features, and right thumb partial amputation; (3) since November 1, 2014, however, the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listings; (4) the Plaintiff experienced "medical improvement" as of November 1, 2014, which related to her ability to work; (5) even though the Plaintiff's impairments as of November 1, 2014, were "severe," she had the residual functional capacity (RFC) as of that date to perform light work with some exertional and nonexertional limitations; and (6) the Plaintiff was capable of performing a significant number of jobs in the national economy as of November 1, 2014, given her RFC, age, education, and work experience. (R. 32–54). Based on these findings, the ALJ concluded that the Plaintiff's disability ended on November 1, 2014, and that she did not become disabled after that date. *Id.*

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. § 416.920(4)(iii). When a claimant's affliction(s) match an impairment on the list, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir.1984). The Listing cited here—Listing 12.04C—is satisfied where a claimant has a mental disorder that is "serious and persistent." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04C.

The Plaintiff sought review of the ALJ's decision by the Appeals Council and submitted supplemental materials in connection with that application. (R. 1–4). The Appeals Council found that this documentation either did not show a reasonable probability of changing the outcome of the ALJ's decision or did not pertain to the period at issue. (R. 2). In light of the Appeals Council's ruling, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Once a claimant has been found to be disabled, her continued entitlement to benefits is subject to periodic review. 20 C.F.R. § 416.994(a). Upon conducting such a review, the Commissioner may terminate the claimant's benefits if she finds that (1) there has been medical improvement[4] in the claimant's impairment or combination of

---

[3] Citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[4] "Medical improvement" is defined under the Regulations as "any decrease in the medical severity of . . . [a claimant's] impairment(s) . . . present at the time of the most recent favorable medical decision

4

impairments related to her ability to work; and (2) the claimant is able to engage in substantial gainful activity. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4)(A).

In continuing disability cases, the Commissioner applies the procedures set forth in the pertinent Social Security Regulations (Regulations). *See* 20 C.F.R. § 416.994. These Regulations require a multi-step analysis in deciding whether a disability ends. In particular, for purposes relevant here, the ALJ must evaluate: (1) whether the claimant has engaged in any substantial gainful activity; (2) if not, whether the claimant suffers from an impairment or combination of impairments that meets or equals a listed impairment; (3) if not, whether there has been medical improvement; (4) if so, whether such medical improvement pertains to the claimant's ability to do work; (5) if so, whether the claimant's current impairment is severe; (7) if so, whether the claimant has the RFC to perform her past relevant work; and (8) if not, whether the claimant can engage in other work given her RFC, age, education, and past work experience. 20 C.F.R. § 416.994(b)(5) (setting forth the multi-step process for SSI claims).

One of the avenues by which an ALJ may assess a claimant's ability to adjust to other work in the national economy is through the testimony of a VE. *Phillips v.*

---

that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 416.994(b)(1)(i). A finding of medical improvement "must be based on changes (improvement[s]) in the symptoms, signs[,] and/or laboratory findings associated with [the claimant's] impairment(s)." *Id.* A medical improvement is only related to a claimant's ability to work "if there has been a decrease in the severity . . . of the impairment(s) present at the time of the most recent favorable medical decision and an increase in [the claimant's] functional capacity to do basic work activities." *Id.* § 416.994(b)(1)(iii); *see also Demenech v. Sec'y of Health & Human Servs.*, 913 F.2d 882, 883 n.2 (11th Cir. 1990) (per curiam).

*Barnhart*, 357 F.3d 1232, 1239–40 (11th Cir. 2004). "A [VE] is an expert on the kinds of jobs an individual can perform based on [the claimant's] capacity and impairments." *Id.* at 1240. If the ALJ utilizes the testimony of a VE, the ALJ "will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant . . . will be able to secure employment in the national economy." *Id.*

The ALJ must present an accurate hypothetical to the VE that accounts for all the claimant's restrictions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). When the ALJ properly rejects purported impairments or limitations, however, the ALJ need not include those impairments or limitations in the hypothetical presented to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). As with other disability determinations, judicial review is limited to assessing whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In considering whether substantial evidence supports the Commissioner's

6

decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).[5] Lastly, "while the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

## III.

The Plaintiff's sole challenge on appeal is that the ALJ erred by not posing a "complete" hypothetical to the VE. (Doc. 31 at 8–9). This argument fails.

At the hearing, the ALJ questioned the VE as to whether there were jobs available to an individual of similar age, education, and work experience as the Plaintiff, who—among other limitations—could only "stand for four hours in an eight hour day[,] . . . walk for two hours in an eight hour day[,] . . . sit for seven hours in an eight hour day[,] . . . [and] require[d] a sit[/]stand option with an alternating interval of one to two hours." (R. 81). In response, the VE identified three jobs involving light work that such an individual could perform.[6] (R. 83–85). The VE further explained

---

[5] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

[6] The Regulations define "light work" as requiring "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). SSR 83-10 clarifies that "[t]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," and that "[s]itting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).

that her testimony was consistent with the Dictionary of Occupational Titles (DOT),[7] except that her opinion about the change of position component was based on her professional experience. (R. 86).

The Plaintiff's attorney did not object to the hypothetical the ALJ posed to the VE, nor did she ask for any clarification on the matter.[8] (R. 83–85). Instead, Plaintiff's counsel questioned the VE utilizing the same hypothetical with one additional restriction regarding the Plaintiff's need for "constant redirection." (R. 85).

In accordance with the hypothetical he presented to the VE and the VE's answer, the ALJ found in his decision that the Plaintiff had the RFC to engage in light work subject to certain restrictions, including that she could only "stand for four hours in an eight-hour day; [could] walk for two hours in an eight-hour day; . . . [could] sit for seven hours in an eight-hour day[;] . . . [and] require[d] a sit/stand option with an alternating interval of one-to-two hours." (R. 41). Further relying on the VE's testimony, the ALJ also opined that there were jobs that existed in significant numbers in the national economy which the Plaintiff could perform. (R. 52–53).

In her legal memorandum, the Plaintiff does not take issue with the ALJ's evaluation of the medical evidence, nor does she assert (at least meaningfully) that the ALJ's hypothetical to the VE did not account for all her impairments. (Doc. 31 at 8–

---

[7] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.
[8] The Plaintiff was represented by an attorney at the hearing who works at the same firm as counsel of record for this appeal. (R. 65, 434).

8

9).⁹ Instead, she maintains only that the ALJ's hypothetical was, among other things, "vague," "incomplete," and "confusing." (Doc. 31 at 8–9). By way of example, she asserts that the ALJ's query to the VE could be construed to mean that the Plaintiff could stand, walk, and sit for a total of thirteen hours in an eight-hour workday, which she calculates by totaling the findings that she is able to stand for four hours, walk for two hours, and sit for seven hours. *Id*. at 9. The Plaintiff adds that she "obviously" cannot accomplish such a feat in an eight-hour period. *Id.*

The Plaintiff's argument suffers from several problems. To begin, the Plaintiff does not point to any requirement that that the exertional limitations contained within the RFC must add up to no more than eight hours. To the contrary, it is well established that the RFC represents the *most* that a claimant can do. 20 C.F.R. § 416.945(a)(1). This is additionally illustrated by the fact that the SSR setting forth the policies and policy interpretations regarding RFC assessments indicates that an RFC's exertional demands may be phrased in a manner that exceeds an eight-hour workday. *See, e.g.*, SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996) ("Each function must be considered separately (e.g., 'the individual can walk for 5 out of 8 hours and

---

⁹ Because the Plaintiff has failed to raise these contentions, she has waived them. *See Gombash v. Comm'r of Soc. Sec.*, 566 F. App'x 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding that an issue was waived because the claimant did not elaborate on the claim or cite authority); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived."); *Brinson v. Comm'r of Soc. Sec.*, 2019 WL 5332715, at *2 n.3 (M.D. Fla. Sept. 30, 2019) (finding that a conclusory argument was "perfunctory" and "therefore waived") (collecting cases), *report and recommendation adopted*, 2019 WL 5326693 (M.D. Fla. Oct. 21, 2019).

stand for 6 out of 8 hours') . . . ."). Consistent with this authority, a commonsense interpretation of the hypothetical posed to the VE here is that the individual referenced in the hypothetical could engage in any combination of standing, walking and sitting, with the limitation that she stand for a maximum of four hours, walk for a maximum of two hours, and sit for a maximum of seven hours.

The Court is likewise unpersuaded by the Plaintiff's attempts to characterize the "sit/stand option" in the ALJ's hypothetical as unclear. (Doc. 31 at 9). As noted above, the ALJ framed his sit/stand option as including "an alternating interval of one-to-two hours." (R. 41). The Plaintiff asserts that this language is ambiguous because it does not delineate how long she can sit before she is required to stand, and she questions whether it means she must be on her feet for one or two hours at a time. (Doc. 31 at 9).

The Court agrees with the Commissioner that a plain reading of the ALJ's sit/stand limitation is that the Plaintiff could alternate between sitting one to two hours and standing one to two hours. *Id.* at 12. In an analogous context, the Eleventh Circuit held that it is proper for an ALJ to pose a hypothetical to the VE that does not include the frequency at which the claimant needs to sit or stand where "the reasonable implication of the ALJ's description [is] that the sit/stand option would be at [the claimant's] own volition." *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005). Although the ALJ's hypothetical here does include such a frequency interval,

it is evident that the Plaintiff can determine how often to sit and stand within those parameters.[10] *Id.*

Further undermining the Plaintiff's argument is that neither she nor the VE gave any impression at the hearing that they misunderstood the ALJ's hypothetical. Quite the opposite, the VE described the jobs available based on the ALJ's fact pattern without asking for any clarification. (R. 85); *see also Thomas v. Comm'r of Soc. Sec.*, 2020 WL 5810219, at *4 (M.D. Fla. Sept. 30, 2020) (observing that courts in the Eleventh Circuit "routinely reject the argument that [a] limitation is vague where . . . there is no indication that either the ALJ or the VE misunderstood its plain meaning") (collecting cases). And the Plaintiff not only failed to raise any objection to the ALJ's inquiry,[11] she posed the exact same hypothetical to the VE, except that she included one additional limitation. (R. 85). This evidence—if not fatal to the Plaintiff's challenge—significantly undercuts it.

---

[10] In contrast, SSR 96-9p, which sets forth the SSA's policy with respect to an RFC for less than a full range of sedentary work, requires the RFC to "be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996).

[11] The Court notes that there is some case authority in this District that a claimant who does not raise an argument at the ALJ hearing is foreclosed from pursuing that argument on appeal. *See, e.g., Gray v. Comm'r of Soc. Sec.*, 2019 WL 3934441, at *6 n.10 (M.D. Fla. Aug. 20, 2019) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)); *Crider v. Comm'r of Soc. Sec.*, 2018 WL 3628847, at *5 (M.D. Fla. June 12, 2018) (citing *Bechtold v. Massanari*, 152 F. Supp. 2d 1340, 1347 (M.D. Fla. 2001), *aff'd*, 31 F. App'x 202 (11th Cir. 2001)).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk of Court is directed to enter Judgment in the Defendant's favor and to close the case.

SO ORDERED in Tampa, Florida this 31st day of August 2021.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record